[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from the valuation and assessment of its property based upon an assessed value of $3,676,500 as of October 1, 1988. The issue for the court is to determine the fair market value of the property as of that CT Page 8218 date. The plaintiff claims the fair market value as of that date to be $2,155,000.
Both the city and the plaintiff agree that the "income approach" is the appropriate method of evaluating the property. This requires a determination of the annual gross income and expenses to arrive at an annual net income figure. To arrive at the potential gross income, the vacancy rate and collection losses due to evictions must also be considered. Finally, the expenses must be deducted to arrive at the net annual income. To then determine value, a capitalization rate is applied to the annual net income to arrive at the fair market value.
In this case the court finds that the potential gross income of the property was listed as $481,560 by the plaintiff's expert and $531,000 by the defendant's assessor, Mr. Flanagan. However, Mr. Flanagan acknowledged that his figure was erroneous because he mistakenly thought there were 88 apartment units, when in fact there were only 86. As a result, his gross income figure was not correct and his subsequent calculations based upon such a figure were also erroneous. The court, therefore, finds the potential gross income was $481,560 as determined by Mr. Silverstein the plaintiff's appraisal expert.
Mr. Flanagan uses a vacancy rate of 1% and Mr. Silverstein uses 8%. In 1988 the actual vacancy rate was 8% and varied from 50% to 0%. The court finds the 8% vacancy rate to be more realistic and reliable. The rate of 8% also includes losses due to collection losses due to evictions.
Regarding expenses, the actual expenses for 1988 were 53% of gross income. The court finds this figure more reliable than the 35% rate suggested by Mr. Flanagan which appears to be an arbitrary figure without a factual basis.
The court therefore finds a potential gross annual income of $481,560, an 8% vacancy and collection loss rate, and a 53% expense rate to be accurate and realistic. The net annual income would be $210,000. Based upon a 9.5% capitalization rate the fair market value of the property is $2,155,000 as claimed by the plaintiff.
The court therefore orders that the defendant, City CT Page 8219 of New London, recalculate the plaintiff's tax bills based upon the court's finding of the fair market value and a new assessment. The court also orders a refund, if one is due, consistent with this decision from the date of any overpayment to the date of the refund at the rate of 12%. The plaintiff is also awarded costs in accordance with the applicable statute.
Hurley, J.